Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. PIERPOINT ISHAM,

---

THE CONNECTICUT & PAS. RIVERS RAILROAD CO. *v.* ADMINIS-
TRATOR OF ELLIS BLISS.

*Audita querela. Bail. Administrators.*

When the basis of an *audita querela* is altogether personal, it will die with the person.

And in such a case, the bail upon the recognizance cannot be held.

Writs of error and *audita querelas*, when they go to the foundation of the judgment, may be prosecuted by executors and administrators.

COMPLAINT for costs, for not entering and prosecuting an *audita querela* commenced by the intestate, Ellis Bliss, duly prayed out and served on the plaintiffs, and made returnable, June term of the county court, 1851. The said Ellis Bliss having deceased

prior to said June term, and said administrator, Ellis Bliss, Jr., was appointed in May 1851. The said administrator having neglected to enter said *audita* in court, and to become party to the same, the plaintiffs took out a citation at the June term, 1851, and caused the same to be duly served on the said administrator, who appeared January term, 1852, and filed a motion to dismiss said proceedings and that the defendant have his costs. The court dismissed the same, and rendered judgment for the administrator to recover his costs.

Exceptions by the plaintiffs.

*Parker and Underwood* for plaintiffs.

The *audita querela* named in the bill of exceptions, was brought by the intestate to set aside an execution obtained in plaintiffs favor, or dismission of the intestates appeal from the award of the Railroad Commissioners. This execution was superceded by order of the judge allowing the *audita*. For the prosecution of the *audita*, a recognizance was taken conditioned "for the payment of *intervening damages and costs*, if the complainant failed to prosecute to effect." Comp. Stat. p. 292, Sec. 7.

1. It is insisted the death of the intestate did not prevent the entry and prosecution of the *audita*, by his administrator. And the administrator having neglected to do this, the plaintiffs had the right to give notice ·to him to so do, and on failure to have their costs taxed against him. Comp. Stat. p. 341, Sec. 10—p. 223 Sec. 32, pp. 343 & 344, Sec. 24 & 25. 1 Chit. Pl. p. 57 & 58. Fuller on Exrs., pp. 431, 2, 3, & 4. 3 Bacon's Abridg. 439. 2 Stephens N. P., p. 1885. The case of the Audita is within the equity of Sec. 10, above cited, as to survivorship.

2. Unless the plaintiffs are allowed to enter the suit for costs, (the administrator neglecting to presecute,) the plaintiffs are not only liable to lose their taxable costs, but a remedy *on the recognizance* in the *audita, for intervening damages*, which in this case, is the loss of the amount of the original execution, by reason of *its being superceded and so delayed* until the death of Bliss. This *damage* was what was expressly provided for by the recognizance. But if the case cannot be brought upon the record by the plaintiffs, (the administrator refusing to enter the suit,) how and when are plaintiffs to have a *scire facias* on the recognizance?

*R. McK. Ormsby* for defendant.

The citation should be dismissed.

1. Because there was no action pending, when this citation was served on the defendant. No *living* person, after service of his process in any case, is bound to enter the same in court. If he refuse or neglect to enter, after service, the statute provide that the other party may make complaint for costs; not call in, or force him to proceed. When *pending*, the administrator may be called in to prosecute, or defend, as the case may be. The plaintiff being dead before entry, (the writ being served,) there is no statute giving administrators right of complaint for costs.

2. This cause of action died with the decease of the plaintiff to the writ of *audita querela*. There were no rights between the parties which could survive.

BY THE COURT. In this case it seems to us, that the basis of the *audita querela* being altogether personal, did die with the person, and that the administrator could not have prosecuted it, after the death of the intestate. And so it could not thereafter be determined whether the plaintiff had a good ground of bringing the *audita querela*, and so the case must of necessity die with the plaintiff, and the complainants have no ground to claim to hold the plaintiff in the *audita querela*, or his bail upon the recognizance, after suit has been prosecuted as far as the law requires; i. e., till by a providential occurrence the writ became useless, or the remedy was needless, and the very thing it was intended to hinder became impossible.

We have no doubt writs of error and *audita querelas*, may be prosecuted by executors and administrators, when they go to the foundation of the judgments.

The complainant has no more ground of complaint here than in any case where the plaintiff, in a personal action dies, after having given bail for costs, or if appealed or reviewed for intervening damages. Some assumpsits survive, and some, as for breach of promise for marriage, do not.

Judgment affirmed.